NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABUL K. ALI,<br><br>                 Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | Civil Action No. 17-12911 (SDW)<br><br>**OPINION**<br><br>July 25, 2019 |

**WIGENTON,** District Judge.

Before this Court is Plaintiff Abul K. Ali's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Specifically, Plaintiff appeals Administrative Law Judge Meryl Lissek's ("ALJ Lissek" or "ALJ") decision that he is not disabled under sections 216(i) and 223(d) of the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court **AFFIRMS** the Commissioner's decision.

**I.    PROCEDURAL AND FACTUAL HISTORY**

**A. Procedural History**

On January 16, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB"), as well as a Title XVI application for supplemental security income ("SSI"), due to cervical herniated discs, diabetes, high cholesterol, and a hernia.

1

(Administrative Record [hereinafter R.] 19, 22, 190, 194.) In both applications, Plaintiff alleged disability beginning July 2, 2013. (R. 19.) Plaintiff's application was denied initially on March 19, 2014, and upon reconsideration on July 31, 2014. (*Id.*) On October 1, 2014, Plaintiff requested a hearing; on October 5, 2016, Plaintiff appeared with counsel and testified at an administrative hearing before ALJ Lissek in Newark, New Jersey. (*Id.*) Vocational Expert Mary D. Anderson ("VE Anderson") also testified and a Bengali interpreter was present.[1] (*Id.*) At the hearing, Plaintiff amended his alleged onset date to July 12, 2014. (*Id.*) On December 28, 2016, ALJ Lissek issued an unfavorable decision, finding that Plaintiff was not disabled and denying his applications for DIB and SSI. (R. 28.)

**B. Factual History**

    **1. Personal and Employment History**

Plaintiff was born on July 12, 1964, and was 52 at the time of ALJ Lissek's 2016 decision. (R. 43-44.) At the administrative hearing, Plaintiff testified that he graduated from high school in his native country, Bangladesh. (R. 44.) Plaintiff further testified that in the last fifteen years he has worked as a salesperson, a cashier, and a factory machine operator. (R. 48-54.)

    **2. Medical History**

The record demonstrates that medical practitioners examined, consulted, and treated Plaintiff for the physical symptoms associated with his disability claim. The following is a summary of the evidence.

Plaintiff alleges he is unable to work due to physical ailments. (R. 216.) Specifically, Plaintiff contends that he suffers from neck and back problems, a hernia, diabetes, high cholesterol, and vision problems. (*Id.*)

---

[1] ALJ Lissek requested the presence of an interpreter once Plaintiff's attorney indicated having difficulty understanding Plaintiff. (R. 37.)

2

Regarding the Plaintiff's neck and back problems, 2013 records from Plaintiff's treating provider, Dr. Amr Kahf ("Dr. Kahf"), indicate that Plaintiff reported moderate neck pain, yet denied numbness and weakness in his left arm. (R. 332, 334.) The records at the time show that Plaintiff's cervical range of motion was within normal limits. (R. 326, 330, 333, 335.) On February 13, 2013, per Dr. Kahf's orders, Plaintiff received an MRI. (R. 333.) The results showed a partial fusion at the C5 and C6 vertebral bodies, a mild diffuse disc bulge with a moderate sized broad based superimposed central disc protrusion at the C4-C5 level, and a mild diffused disc bulge with small to moderate sized broad based superimposed right neural foraminal disc protrusion at the C6-C7 level. (R. 283.) However, four subsequent physical examinations throughout 2013, conducted by treating neurologist, Dr. Jafri Syed ("Dr. Syed"), all indicated unremarkable physical and neurological results. (R. 268, 271, 274, 278.) The results of an April 22, 2013 EMG/nerve conduction test revealed no abnormalities in Plaintiff's upper extremities. (R. 280-282.) Furthermore, on May 2, 2013, a physical therapist, recommended by Dr. Sayed, reported that Plaintiff was cleared for "light work." (R. 276.)

Dr. Nazmi A. Elrabie ("Dr. Elrabie") diagnosed Plaintiff with a recurrent incarcerated right inguinal hernia and performed surgery on Plaintiff on May 31, 2013. (R. 263-266, 399-408.) Plaintiff tolerated the procedure well and recovered successfully from the surgery. (*Id.*) In a 2014 update to the Social Security Administration on Plaintiff's progress since their last visit, Dr. Elrabie noted that Plaintiff "should have been able to work." (R. 344.)

Plaintiff was also treated for diabetes and high cholesterol from May 3, 2011 through August 8, 2016 at the Medical Group of New Jersey. (R. 302-343, 355-398.) On March 9, 2015, Dr. Kahf reported that Plaintiff's diabetes was uncontrolled, but by September 5, 2015, Dr. Kahf reported Plaintiff's diabetes was under control. (R. 381, 389.) Plaintiff's treating providers

3

consistently urged Plaintiff to make lifestyle changes including engaging in daily exercise, adopting a smoking cessation plan, and eating a balanced diet. (R. 305, 318, 331, 366, 385, 397.)

Although treatment records from ophthalmologist Dr. Daniel Y. Stegman ("Dr. Stegman") indicated Plaintiff may have had the beginning stages of glaucoma, subsequent vision examinations indicated that Plaintiff's visual acuity and visual fields were grossly intact. (R. 22.) In addition, from 2011 to 2016, several doctors of the Medical Group of New Jersey, reported that Plaintiff's ocular examinations were normal. (R. 302, 304, 307, 314, 316, 319, 323, 325, 328, 330, 341, 359, 388, 391.)

### 3. Hearing Testimony

ALJ Lissek conducted a hearing on October 5, 2016, during which Plaintiff and VE Anderson testified. (R. 35-78.) Plaintiff testified that from 2007 to 2013, he worked as a salesperson at a clothing store where he mostly stood and occasionally lifted loads of 15 to 20 pounds. (R. 48-49.) Plaintiff stated that before working at the clothing store he had worked as a cashier, as well as a factory machine operator, where he also had to lift loads between 10 to 15 pounds. (R. 52-56.)

Plaintiff testified that he stopped working because of pain from his medical issues. (R. 57.) He stated that he has neck pain which radiates down his left arm and into his left hand, and that as a result he can only lift between 5 to 10 pounds with his left side. (R. 58-59.) Plaintiff further explained that he has limited mobility in rotating his head and that he occasionally suffers from dizziness. (R. 60-61.) Plaintiff also testified that he has a pain in his lower back that radiates down to his left knee. (R. 61-62.) He explained that he can walk for no more than two blocks before needing to rest and that he can stand for no longer than two hours before needing to sit down. (R. 63-64.)

Plaintiff further reported that he has rectal hemorrhoids and that they occasionally flare up. (R. 66.) Plaintiff also testified that due to his hernia he has difficulty lifting heavy things and that as a result of his diabetes he occasionally gets dizzy. (R. 66-67.) He stated that he watches his diet and takes medicine but is too scared to take insulin. (R. 67-68.)

VE Anderson testified that an individual with the vocational profile of Plaintiff who was found capable of performing light work could do Plaintiff's past work of a cashier, but not a machine operator due to not being allowed contact with dangerous machinery. (R. 70-71.) In addition, VE Anderson concluded that an individual similar to Plaintiff would be able to perform the requirements of representative occupations such as usher, storage facility rental clerk, and parking lot attendant. (R. 71.)

## II. LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). However, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Id.*

(quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (internal quotation marks omitted)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence she accepts and which she rejects, and the reasons for that determination." *Cruz*, 244 F. App'x at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

**B. The Five–Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do her previous work but [unable], considering her age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities

which could reasonably be expected to produce the pain or other symptoms alleged . . . . " 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in §§ 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rules ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or

combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the "Listing of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden

of persuasion, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy. 20 C.F.R. §§ 404.1520(g)(1) (citing 404.1560(c)), 416.920(g)(1) (citing 416.960(c)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). At this point in the analysis, the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

In her decision on December 28, 2016, ALJ Lissek properly applied the five-step disability test before determining that Plaintiff was not disabled. (R. 21-28.) The ALJ's findings are supported by substantial credible evidence, and there is no basis for remand or reversal because she appropriately considered all of Plaintiff's medically-supported complaints as evidenced by his consultative visits and medical treatment.

At step one of the five-step test, ALJ Lissek found that Plaintiff had not engaged in SGA since July 12, 2014, the alleged onset date of Plaintiff's disability. (R. 21.)

At step two, ALJ Lissek properly found that Plaintiff had several severe impairments including "cervical herniated discs, diabetes, high cholesterol, and a hernia." (R. 22.) In making this finding, ALJ Lissek considered Plaintiff's testimony and the medical record as a whole. (*Id.*) ALJ Lissek found that these severe impairments have caused "more than a minimal effect, either exertionally or non-exertionally, on the claimant's ability to do basic work activities." (*Id.*) ALJ Lissek's findings of severe impairment are supported by substantial evidence in the record. ALJ Lissek also correctly determined that Plaintiff's alleged vision problem was not a severe

9

impairment. (*Id.*) Lastly, ALJ Lissek correctly determined that there were no medical records to "support any findings or diagnoses of any lower back impairment" and that the condition was therefore not medically determinable. (*Id.*)

At step three, ALJ Lissek properly determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*) In reaching this conclusion, ALJ Lissek considered the opinions of the State agency medical consultants who evaluated the issue at the initial and reconsideration levels of the administrative review process. (*Id.*)

Before undergoing the analysis in step four, ALJ Lissek determined Plaintiff's RFC. (R. 23.) ALJ Lissek properly found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with several limitations. (*Id.*) Specifically, ALJ Lissek found, that:

> [Plaintiff] can lift and/or carry a maximum of 20 pounds occasionally and 10 pounds frequently; can stand or walk a total of 6 hours and sit 6 hours in an 8-hour day; can climb stairs occasionally; can use his left hand for gasping [sic] frequently with no restriction on the use of his right dominant hand. Additionally, [Plaintiff] is limited to no contact with unprotected heights and no dangerous machinery. Finally, [Plaintiff] can turn his head 30 degrees to the right and left.

(*Id.*) In making this determination, ALJ Lissek considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 96-4p. (*Id.*) ALJ Lissek also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. (*Id.*) ALJ Lissek cited extensively not only to Plaintiff's testimony and function reports, but also to treatment and evaluative records of multiple doctors. (R. 23-26.) ALJ Lissek appropriately

weighed the value of the testimony and medical records before her. (*Id.*) In light of the substantial evidence reviewed by ALJ Lissek, this Court finds that ALJ Lissek properly determined Plaintiff's RFC.

At step four, ALJ Lissek properly found that Plaintiff is capable of performing his past relevant work as a "cashier." (R. 26.) In making this determination, ALJ Lissek first cited to the testimony of VE Anderson and Plaintiff to determine that Plaintiff's cashier job qualified as past relevant work. (R. 26.) ALJ Lissek then cited to VE Anderson's testimony that Plaintiff could "return to his past work as generally performed" in correctly determining that he was capable of performing past relevant work. (*Id.*)

At step five, ALJ Lissek properly found that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 27.) Based on the testimony of VE Anderson and considering Plaintiff's age, education, work experience, and residual functional capacity, ALJ Lissek found that Plaintiff is capable of performing the requirements of representative occupations such as an usher, storage facility clerk, or parking lot attendant. (*Id.*) Because Plaintiff has the RFC to perform his past relevant work as well as the capability to make a successful adjustment to other work, he is not disabled as defined by the Social Security Act. (*Id.*)

On appeal, Plaintiff seeks reversal of the Commissioner's decision arguing that ALJ Lissek erred as a matter of law: 1) in failing to fully and fairly develop the record; 2) in concluding that Plaintiff had the residual functional capacity to perform light work; 3) in improperly rejecting, discrediting, or ignoring Plaintiff's subjective complaints, including pain; and 4) in meeting her burden at step five of the evaluation process for determining whether an individual is disabled. (Pl.'s Br. at 1.*)*

In regard to Plaintiff's argument that ALJ Lissek failed to fully and fairly develop the record, ALJ Lissek clearly examined and discussed all testimony and evidence relevant to each of Plaintiff's impairments including his alleged neck and back problems, hernia, diabetes, high cholesterol, and vision problems. (R. 22-26, Pl. Br. at 9.) Although Plaintiff claims ALJ Lissek failed to weigh all substantial evidence regarding his impairments, Plaintiff does not identify what evidence ALJ Lissek failed to consider, nor does Plaintiff explain how such evidence would have changed the outcome. (Pl. Br. at 9.) While Plaintiff claims that ALJ Lissek took an "adversarial stance, particularly when Mr. Ali appeared to not fully understand or respond appropriately to questioning due to language barriers," it was ALJ Lissek who in fact requested a interpreter be present at the hearing on behalf of Plaintiff. (R. 36-37, Pl. Br. at 9.) In addition, Plaintiff argues for the first time that the SSA should have hired a medical consultant to further evaluate Plaintiff's impairments. (Pl. Br. at 9.) While an examination may be ordered if the court cannot obtain the information needed from the claimant's medical sources, it is entirely discretionary. *See* 20 CFR § 404.1519a.[2] An ALJ has no duty to request commissioner sponsored examinations merely because existing records do not establish disability. *See Thompson v. Halter*, Civ. No. 01-4022, 2002 WL 2004569, at *149 (3d Cir. June 3, 2002) ("[t]he decision to order a consultative examination is within the sound discretion of the ALJ"). Here, ALJ Lissek clearly obtained all necessary information from the medical sources provided by Plaintiff and was not obligated to order a consultative examination.

With respect to Plaintiff's argument that ALJ Lissek erred in concluding that Plaintiff had the RFC to perform light work, ALJ Lissek based her decision on the objective evidence and

---

[2] The Code of Federal Regulations states that "[The SSA] may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the SSA] to make a determination or decision on [claimant's] claim." 20 CFR § 404.1519b.

medical findings established in the record. (Pl. Br. at 10, R. 26.) ALJ Lissek properly considered all symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective evidence, based on the requirements of 20 CFR 404.1529, 416.929, 404.1527, 416.927, as well as SSRs 96-2p, 96-4p, 96-5p, 96-6p, and 06-3p. (R. 23.) While Plaintiff attempts to discredit the normal physical examination findings for various reasons, (Pl. Br. at 10-11), the ALJ may discount the claimant's statements when there are inconsistencies between a claimant's testimony and other evidence. *See Burns v. Barnhart,* F.3d 113, 130 (3d Cir. 2002). This Court finds that ALJ Lissek correctly relied on the record to decide Plaintiff's RFC. Plaintiff additionally argues that ALJ Lissek failed to consider Plaintiff's vision problems as well as how Plaintiff's hernia would have affected his ability to sit for six hours throughout the day. (Pl. Br. at 12.) As to Plaintiff's vision problems, ALJ Lissek properly addressed Dr. Stegman's records which showed "grossly intact vision fields" and recommended no treatment plan. (R. 22, 284, 409.) Regarding Plaintiff's hernia, it was thoroughly discussed, along with Dr. Elrabi's subsequent treatment notes which indicated a successful recovery from surgery and no post-operative complications. (R. 25, 263, 399.)

With respect to Plaintiff's argument that ALJ Lissek erred in improperly rejecting, discrediting, or ignoring Plaintiff's subjective complaints, ALJ Lissek properly considered those complaints in determining that Plaintiff's statements were not "entirely consistent with the medical evidence and other evidence in the record." (Pl. Br. at 13, R. 24.) When evaluating the credibility of a claimant's self-reported symptoms, the ALJ must consider the extent to which the symptoms can "reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Statements about one's pain alone are not sufficient to establish that one is disabled. (*Id.*) Plaintiff's medical records show consistent normal

physical examination results as well as no post-surgery issues. (R. 26, 360 – 361, 364, 369, 372, 376-377, 380-381, 384, 388-389, 396-397.) Accordingly, ALJ Lissek weighed Plaintiff's claims against his medical reports and correctly determined that they were inconsistent. (R. 24.) Additionally, Plaintiff's claim that his ability to express himself was compromised by language barriers and "obvious translation limitations" with the interpreter is without merit. (Pl. Br. at 14.) Neither Plaintiff nor his attorney raised any issues with the interpreter at the hearing, and it is clear from ALJ Lissek's decision that she understood Plaintiff's testimony. (R. 24.)

Finally, this Court finds that ALJ Lissek correctly determined Plaintiff's RFC at step five of the disability test. (Pl. Br. at 16.) Therefore, ALJ Lissek's determination that Plaintiff could return to his past relevant light work as a cashier, or to other work that exists in significant numbers in the national economy was correct. (Pl. Br. at 16, R. 27)

**CONCLUSION**

Because this Court finds that ALJ Lissek's decision is supported by substantial evidence in the record, the Commissioner's determination is **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties

14